**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENEE VENTO,<br><br>    Petitioner-Appellant,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>    Respondent-Appellee. | No.   19-71601<br>        20-70068<br><br>Tax Ct. No.  992-06<br><br>MEMORANDUM* |
| GAIL C. VENTO,<br><br>    Petitioner-Appellant,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>    Respondent-Appellee. | No.   19-71602<br>        20-70254<br><br>Tax Ct. No.  993-06 |
| NICOLE VENTO MOLLISON,<br><br>    Petitioner-Appellant,<br><br>  v. | No.   19-71603<br>        20-70067<br><br>Tax Ct. No.  1168-06 |

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

Appeal from a Decision of the
United States Tax Court

Submitted February 3, 2021[**]
San Francisco, California

Before: SILER,[***] RAWLINSON, and BUMATAY, Circuit Judges.

This suit followed years of litigation between the Commissioner of Internal Revenue Service and three sisters ("Taxpayers"), after they incorrectly claimed U.S. Virgin Islands ("USVI") residency and filed tax returns with the USVI instead of the IRS in 2001. The dispute eventually narrowed to one issue: whether Taxpayers were entitled to foreign tax credits under Internal Revenue Code § 901. *See* 26 U.S.C. § 901. The Taxpayers separately appealed the Tax Court's ruling for summary judgment in favor of the Commissioner and the Tax Court's denial of leave to move for indicative rulings. *See* 26 U.S.C. § 7482. We review the Tax Court's legal conclusions de novo, its factual findings for clear error, and its denial of leave to file

---

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

a motion to vacate for abuse of discretion. *Dieringer v. C.I.R.*, 917 F.3d 1135, 1141 (9th Cir. 2019); *Abatti v. C.I.R.*, 859 F.2d 115, 117 (9th Cir. 1988). We consolidated Taxpayers' two appeals and affirm.

1. The Tax Court correctly rejected Taxpayers' claim that their payments to the USVI should be credited as "foreign taxes" under § 901. *See* 26 U.S.C. § 901(b)(1). Section 901 provides U.S. citizens a credit for taxes paid to "any foreign country or to any possession of the United States." *Id*. But Taxpayers' payments to the USVI are not eligible for foreign tax credits because they do not satisfy § 904's limitation on foreign tax credits. *See id.* § 904(a).[1] Section 904 limits the amount of any foreign tax credit based on the amount of a given taxpayer's foreign income. *Id*.; *see also* Treas. Reg. § 1.904-1(a). Taxpayers admit that they had no USVI income in 2001, and there is no evidence they had any foreign income that year. Accordingly, Taxpayers failed to establish they had sufficient foreign-source income to be eligible for a foreign tax credit under the limitation found in § 904.[2]

---

[1] Because we affirm the district court holding that Taxpayers did not satisfy § 904's limitation on foreign tax credits, we do not reach the Tax Court's two additional, independent reasons for rejecting Taxpayers' § 901 claim.

[2] Additionally, Taxpayers waived this argument by not raising it in their Opening Brief. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008).

2.      The Tax Court did not abuse its discretion in adopting the Commissioner's proposed computations under Tax Court Rule 155. *See Erhard v. C.I.R.*, 46 F.3d 1470, 1479 (9th Cir. 1995). Taxpayers raised new issues at the computation stage, despite Rule 155's prohibition on doing so. *See* Tax Ct. R. 155(c). Taxpayers initially agreed that the only remaining issue was whether they were entitled to foreign tax credits; however, at the computation stage, Taxpayers for the first time claimed eligibility for additional tax deductions, including tax credits for state and local tax deductions under 26 U.S.C. § 164 and for payments made to the IRS and covered over to the USVI under 26 U.S.C. § 31(a).[3] Accordingly, Taxpayers' new arguments were contradictory to their previous litigation position and the Tax Court properly viewed this as violating Rule 155.

Further, Taxpayers' argument that it was the Commissioner who raised new issues at the computation stage is without merit. While Taxpayers assert the Commissioner injected a new issue during the Rule 155 computation by rejecting their entitlement to 26 U.S.C. §§ 164 and 31(a) tax credits, the Commissioner was simply responding to the new issues raised by Taxpayers for the first time. This is exactly what Rule 155's prohibition on new arguments is meant to forestall. *See Erhard*, 46 F.3d at 1480.

---

[3] Taxpayers moved to amend their petitions to add these new claims and admitted they had not alleged they were entitled to these deductions in their original petitions.

4

3. The Tax Court did not abuse its discretion in denying Taxpayers' motions for an indicative ruling to reopen the record under Tax Court Rule 162 and Fed. R. App. P. 12.1. "[T]he federal civil rules do not apply, of their own force, to proceedings in the Tax Court[.]" *Organic Cannabis Found., LLC v. C.I.R.*, 962 F.3d 1082, 1088 (9th Cir. 2020). The Tax Court's rules, however, provide that "[w]here in any instance there is no applicable rule of procedure, the Court . . . may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand." *Id.* (quoting Tax Ct. R. § 1(b)).

As Taxpayers themselves acknowledge, the Tax Court has not issued an indicative ruling in the past, nor has it purported to adopt Rule 12.1. Accordingly, the Tax Court acted within its discretion in denying Taxpayers' motion for leave to move for an indicative ruling.

**AFFIRMED.**